IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                              DALLAS DIVISION

GENA M. ABRAMOV,                  §
                                  §
                    Plaintiff,    §
                                  § Civil Action No. 3:11-CV-0440-D
VS.                               §
                                  §
OTIS ELEVATOR COMPANY, et al.,    §
                                  §
                    Defendants.   §

                         MEMORANDUM OPINION
                            AND ORDER

In this action by plaintiff Gena M. Abramov against, *inter alia,* defendant Desert Palace, Inc. ("Desert Palace"), Desert Palace moves to dismiss Abramov's claim against it for lack of *in personam* jurisdiction.[1] Abramov moves for jurisdictional discovery. The court grants the motion for jurisdictional discovery to the extent set out below and defers a decision on the motion to dismiss.[2]

---

[1]In its motion, Desert Palace adopts the arguments and authorities of former defendants Caesars Palace Realty Corp. and Caesars Entertainment Corporation f/b/a Harrah's Entertainment, Inc. presented in their motion to dismiss Abramov's complaint and in their reply in support of that motion.

[2]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

Abramov contends that the court can exercise *in personam* jurisdiction over Desert Palace because its advertising efforts in Texas give rise to general personal jurisdiction. She relies on *Morgan v. Coushatta Tribe of Indians of Louisiana*, 214 F.R.D. 202 (E.D. Tex. 2001), and *Gorman v. Grand Casino of Louisiana, Inc.-Coushatta,* 1 F.Supp.2d 656 (E.D. Tex. 1998), to support her argument that the Texas advertising campaigns of an out-of-state entity can be sufficiently pervasive, systematic, and continuous to establish general personal jurisdiction over that entity. Abramov maintains that discovery will demonstrate that Desert Palace has undertaken such an advertising campaign, and she requests that she be allowed to conduct jurisdictional discovery before the court decides Desert Palace's motion to dismiss.

II

"When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan,* 772 F.2d 1185, 1192 (5th Cir. 1985).

> When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts posed by the affidavits. Therefore, in a no-hearing situation, a plaintiff satisfies his burden by

>     presenting a prima facie case for personal
>     jurisdiction.

*Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (footnotes omitted). In determining whether Abramov has established a prima facie showing for personal jurisdiction, the court can look beyond the pleadings "by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Stuart,* 772 F.2d at 1192.

The court has the discretion to decide whether, and to what extent, to permit discovery regarding personal jurisdiction. *See Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). Although "discovery on matters of personal jurisdiction . . . need not be permitted unless the motion to dismiss raises issues of fact," *Kelly v. Syria Shell Petroleum Development BV*, 213 F.3d 841, 855 (5th Cir. 2000) (quoting *Wyatt*, 686 F.2d at 284), "[w]hen a district court makes factual determinations decisive of a motion to dismiss for lack of jurisdiction, it must give plaintiffs an opportunity for discovery," *McAllister v. FDIC*, 87 F.3d 762, 766 (5th Cir. 1996).

Applying this standard, the court concludes that Abramov should be permitted to conduct limited jurisdictional discovery. "General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.'" *Tempur-Pedic Int'l, Inc. v. Go Satellite Inc.,* 758 F.Supp.2d 366, 372 (N.D. Tex. 2010) (Fitzwater,

C.J.) (citations omitted). The Eastern District of Texas has held that a "pervasive, systematic and continuous *local* advertising campaign" can support the exercise of general personal jurisdiction over an out-of-state casino. *Gorman*, 1 F.Supp.2d at 659; *see also Morgan,* 214 F.R.D. at 206 (citing *Gorman*, 1 F.Supp.2d 656). Although Desert Palace contends that its nationwide marketing and advertising campaigns are not directed at Texas in a way that would support the exercise of general personal jurisdiction, Abramov is entitled to conduct discovery regarding this question. She must seek the discovery by means that are as narrow as reasonably possible to establish her contention that the court can exercise general personal jurisdiction based on Desert Palace's advertising efforts in Texas. No officer, director, managing agent, or employee of Desert Palace can be required to appear in this district for a deposition, or, if subpoenaed, required to do more than is permitted by Fed. R. Civ. P. 45.

Abramov must complete this discovery and file a supplemental response brief and evidence appendix no later than August 26, 2011. Desert Palace may file a reply brief and evidence appendix no later than 14 days after Abramov files her responsive materials. These

deadlines may be extended, if necessary, by agreed order or for good cause by motion.

**SO ORDERED.**

June 27, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE